OPINION *Page 2 
{¶ 1} Appellant John Sterling and appellant Sandra Sterling appeal from the February 27, 2008, Entry of the Fairfield County Court of Common Pleas, Juvenile Division, terminating appellant John Sterling's parental rights and granting permanent custody of appellant Sandra Sterling to Fairfield County Child Protective Services.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Sandra Sterling (DOB 8/16/01) is the biological child of appellant John Sterling and Tammy Casey.[1] The two have never been married.
 {¶ 3} On March 20, 2003, a complaint was filed alleging that appellant Sandra Sterling was a dependent and/or neglected child. Following a shelter care hearing, appellant Sandra Sterling, as memorialized in an Entry filed on March 26, 2003, was placed in the temporary custody of Fairfield County Childrens Services (FCCS). The trial court, in its Entry, ordered that appellant Sandra Sterling "be placed with her alleged father, John Sterling, barring any unforeseen circumstances." A trial was scheduled for April 22, 2003, but was continued to June 17, 2003.
 {¶ 4} A case plan that was filed with the trial court on June 3, 2003, required appellant John Sterling to abstain from using drugs and/or alcohol and to abstain from using or abusing the same while caring for or in the presence of his daughter, among the other matters.
 {¶ 5} At the trial held on June 17, 2003, appellant John Sterling agreed that appellant Sandra Sterling was a dependent child and that she should be placed in the temporary custody of FCCS. The trial court, in its June 20, 2003, Entry, ordered that *Page 3 
appellant John Sterling have supervised visitation with his daughter. In October of 2003, appellant Sandra Sterling was returned to her father on a visit status.
 {¶ 6} On December 2, 2003, FCCS filed a motion requesting that the trial court terminate its temporary custody of appellant Sandra Sterling and place her in the legal custody of appellant John Sterling with protective supervision. Pursuant to an Entry filed on January 6, 2004, the trial court granted such motion and ordered that the temporary custody of appellant Sandra Sterling with FCCS be terminated and that she be placed in the legal custody of her father with court-ordered protective supervision.
 {¶ 7} Following a review hearing held on March 25, 2004, the trial court, pursuant to an Entry filed on April 20, 2004, ordered that appellant John Sterling abstain from the use of alcohol or illegal drugs. Pursuant to a Memorandum Entry filed on May 11, 2004, FCCS was granted temporary shelter custody of appellant Sandra Sterling after appellant John Sterling drank alcohol while Sandra was in his care. On May 10,
2004, appellant John Sterling had tested positive for alcohol.
 {¶ 8} On May 14, 2004, FCCS filed a motion requesting temporary custody of appellant Sandra Sterling. As memorialized in an Entry filed on May 26, 2004, appellant Sandra Sterling was placed in the emergency custody of FCCS. Following a review hearing held on July 1, 2004, the trial court ordered that appellant John Sterling have increased visitation with his daughter at the discretion of FCCS. A review hearing was scheduled for August 26, 2004. Following such hearing, appellant Sandra Sterling was returned to her father on a visit status.
 {¶ 9} Subsequently, on March 24, 2005, FCCS filed a motion requesting that the trial court terminate its temporary custody of appellant Sandra Sterling and place her *Page 4 
in the legal custody of appellant John Sterling with protective supervision. FCCS, in its motion, indicated that appellant John Sterling was successfully complying with the case plan and that appellant Sandra Sterling was doing well with her father. As memorialized in an Entry filed on May 5, 2005, the trial court granted such motion.
 {¶ 10} A shelter care hearing was held on September 12, 2005, after appellant John Sterling admitted to alcohol use. As a result of such hearing, appellant Sandra Sterling was placed in the temporary shelter custody of FCCS. Thereafter, on January 12, 2006, appellant Sandra Sterling was placed in the temporary custody of FCCS.
 {¶ 11} FCCS, on March 6, 2006, filed a motion seeking permanent custody of appellant Sandra Sterling. FCCS, in its motion, alleged that it had been involved for almost three years and that appellant John Sterling had failed "repeatedly and consistently to remedy the circumstances causing the need for Sandra's placement." A trial was scheduled for March 28, 2006, but was continued after the Guardian Ad Litem (GAL) filed a motion seeking leave to withdraw as GAL for appellant Sandra Sterling on the basis that he had a conflict in this dual appointment as GAL and attorney for her. The trial court granted such motion and continued the trial to June 29, 2006. Martha Dean was appointed as GAL for appellant Sandra Sterling. Based on the progress that appellant John Sterling had been making the trial court, pursuant to an Entry filed on July 25, 2006, continued the trial to October 5, 2006. On such date, the trial court, upon FCCS's motion, found that appellant John Sterling had made significant progress and dismissed FCCS's Motion for Permanent Custody without prejudice. Appellant Sandra Sterling was ordered to remain in the temporary custody of FCCS. *Page 5 
 {¶ 12} In January of 2007, Anona Wheeler was substituted as GAL for appellant Sandra Sterling.
 {¶ 13} On February 4, 2007, appellant Sandra Sterling was returned to her father on a visit status. Thereafter, on March 7, 2007, FCCS filed another motion requesting that the trial court terminate its temporary custody of appellant Sandra Sterling and place her in the legal custody of appellant John Sterling with protective supervision. FCCS, in its motion, stated, in relevant part, as follows:
 {¶ 14} "The Agency represents to the Court that on January 17, 2006, John Sterling entered the James K. Marsh House in Portsmouth, Ohio, a residential treatment center located in Portsmouth, Ohio. The Agency represents to the Court that John Sterling has made tremendous progress while at the James K. Marsh House. The Agency further represents to the Court that Sandra Sterling was placed with her father on a visit status on February 4, 2007."
 {¶ 15} As memorialized in an Entry filed on April 10, 2007, the trial court granted such motion.
 {¶ 16} Thereafter, on May 21, 2007, appellant Sandra Sterling was placed in the temporary shelter custody of FCCS after appellant John Sterling admitted to using alcohol. On May 24, 2007, FCCS filed a motion seeking temporary custody of her. FCCS, in its motion, alleged that for over four years, it had been concerned with appellant John Sterling's "ability to maintain sobriety and economic stability." FCCS further indicate that it had learned, on May 20, 2007, that appellant John Sterling had lost his job and had been consuming alcohol and had a domestic disturbance with his *Page 6 
girlfriend. The trial court granted such motion pursuant to an Entry filed on June 25, 2007.
 {¶ 17} On May 24, 2007, FCCS filed a motion seeking temporary custody of appellant Sandra Sterling. A hearing was scheduled for June 26, 2007. On June 26, 2007, the trial court granted the motion to dismiss the motion for temporary custody filed by FCCS after FCCS made an oral motion to dismiss the same without prejudice. The trial court, in its July 20, 2007 Entry, ordered appellant Sandra Sterling to remain in the temporary shelter custody of FCCS and scheduled a review hearing for August 28, 2007. Following the hearing, the trial court, as memorialized in an Entry filed on September 14, 2007, placed appellant Sandra Sterling in the temporary custody of FCCS. FCCS had filed a motion seeking temporary custody on August 14, 2007.
 {¶ 18} Thereafter, on October 1, 2007, FCCS filed a motion seeking permanent custody of appellant Sandra Sterling. A trial on such motion was held on February 5, 2008.
 {¶ 19} Appellant John Sterling was not in attendance at the trial and his counsel's request for a continuance to contact his client was denied. Karla Nelson was the only witness to testify at trial. Nelson testified that she was the family-based care director for Fairfield County Job and Family Services, Child Protective Services Division. Nelson first read a lengthy statement to the court that she had prepared outlining the facts of this case. Nelson, in her statement, noted that appellant John Sterling's case plan required him to refrain from using drugs and alcohol, to provide a stable home and to maintain employment. When asked whether she believed that appellant John Sterling had failed continuously and repeatedly to substantially remedy the conditions that *Page 7 
caused Sandra to be placed outside the home, Nelson responded "Yes, he has." Transcript at 21.
 {¶ 20} Nelson further testified that appellant Sandra Sterling had been in the actual custody of the Agency for over 1400 days. While she testified that she believed that appellant Sandra Sterling and her father were bonded, Nelson testified as follows when asked why she believed it was important for Sandra to have a legally secure placement:
 {¶ 21} "A. Sandra needs to have stability in her life. She needs consistency. Um, Sandra struggles constantly with whether or not she's going to be able to see her dad or not be able to see her dad. Um, when dad didn't show up for the visits, um, Sandra would get upset, you know, and she would talk about, you know, her daddy not wanting to see her that day and kind of projecting that on herself at some, you known, at some point in time. She, um, she emotionally has just been up and down. She, since she's, um, been in the foster home, she's been more stable; she's doing better with her education. Um, she needs to know where she's going to be every day and every night. She needs to know where she's going to go to bed at night, where she's going to wake up and that that's going to be the same place that she comes back to, you know, when she gets out of school. She needs to know that where she is at is going to keep her safe; they're going to be able to, you know, give her food each day to eat. They're going to be able to keep her, keep her in a house where she's warm. She's going to be able to just do the day-to-day things that kids do; she needs to be able to, to have the ability to have a life in which she can grow up to be a happy, healthy, productive adult. *Page 8 
 {¶ 22} "Um, Sandra has just had in her young life, she's had a lot of back and forth and, um, and in talking to Sandra it's, it's very interesting just to hear some of the things she says and some of the perceptions that she has regarding her like with her daddy. Um, but she just needs some stability.
 {¶ 23} "Q. Is she in counseling?
 {¶ 24} "A. Yes, she is.
 {¶ 25} "Q. Do you think that's been hard on her to be back and forth so many times?
 {¶ 26} "A. Yes, I do.
 {¶ 27} "Q. All right. Do you think that she can get this type of legally secure permanent placement with John Sterling?
 {¶ 28} "A. Not at this time.
 {¶ 29} "Q. Do you think she can get this type of legally secure permanent placement with Tammy Casey?
 {¶ 30} "A. No.
 {¶ 31} "Q. Uh, what do you think, uh, would be in the best interest of Sandra Sterling?
 {¶ 32} "A. That she be placed in the permanent custody of the agency and legally freed for an adoptive plan." Transcript at 22-24.
 {¶ 33} The GAL, in a report filed with the trial court on February 5, 2008, recommended that FCCS's motion for permanent custody be granted. In her report, the GAL indicated that appellant Sandra Sterling was bonded with her father, but recognized that he was unable to care for her in an appropriate manner due to his *Page 9 
substance abuse. She further noted that appellant John Sterling "has attempted to take the steps necessary for reunification with his daughter, however each attempt has been unsuccessful due to Mr. Sterling's continuing issues with substance abuse" and that he was unable to maintain a stable home.
 {¶ 34} The trial court, pursuant to an Entry filed on February 27, 2008, terminated appellant John Sterling's parental rights and granted permanent custody of appellant Sandra Sterling to Fairfield County Child Protective Services. The trial court, in its Entry, found that appellant Sandra Sterling had been in the temporary custody of FCCS (then known as Fairfield County Child Protective Services) for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. The trial court further made the following conclusions of law:
 {¶ 35} "(1) Fairfield County Childrens Services, now known as Fairfield County Child Protective Services, developed a reasonable case plan for John Sterling and exerted diligent efforts to assist John Sterling to remedy the problems that initially caused Sandra Sterling to be placed outside the home.
 {¶ 36} "(2) Ohio Revised Code Section 2151.414(E)(1), (4), and/or (16) applies as to John Sterling.
 {¶ 37} "(3) Ohio Revised Code Section 2151.414(E)(10) and/or (16) applies as to Tammy Casey.
 {¶ 38} "(4) Sandra Sterling cannot be placed with either of her parents within a reasonable time or should not be placed with either of her parents. *Page 10 
 {¶ 39} "(5) Sandra Sterling needs a legally-secure permanent placement and this permanent placement cannot be achieved without a granting of permanent custody to the Agency.
 {¶ 40} "(6) Pursuant to Ohio Revised code Section 2151.414.(D), it would be in the best interest of Sandra Sterling to permanently terminate the parental rights of John Sterling and Tammy Casey and to grant permanent custody of Sandra Sterling to Fairfield County Child Protective Services."
 {¶ 41} Appellant John Sterling now appeals from the trial court's February 27, 2008, Entry, raising the following assignment of error in Case No. 08-CA-18:
 {¶ 42} "THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILD TO FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVICIING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILD'S BEST INTEREST."
 {¶ 43} Appellant Sandra Sterling also appeals from the trial court's February 27, 2008, Entry, raising the following assignment of error in Case No. 08-CA-21:
 {¶ 44} "THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT, SANDRA STERLING, TO FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILD'S BEST INTEREST." *Page 11 
 Cases 08-CA-18 08-CA-21 {¶ 45} Both appellants argue that the trial court's finding, that the grant of permanent custody to Fairfield County Child Protective Services was in appellant Sandra Sterling's best interest, was against the sufficiency of the evidence. We disagree.
 {¶ 46} A trial court's decision to grant permanent custody of a child to a public children services agency must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[T]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." Cross v.Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118; In re: Adoptionof Holcomb (1985), 18 Ohio St.3d 361, 481 N.E.2d 613.
 {¶ 47} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60. See also,C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment.Schiebel, 55 Ohio St.3d at 74, 564 N .E.2d 54.
 {¶ 48} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the *Page 12 
findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273:
 {¶ 49} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis v.Flickinger, 77 Ohio St.3d 415, 419, 1997-Ohio-260, 674 N.E.2d 1159. See, also, In re: Christian, Athens App. No. 04CA10, 2004-Ohio-3146; In re:C.W., Montgomery App. No. 20140, 2004-Ohio-2040.
 {¶ 50} Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the flowing apply: . . .
 {¶ 51} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as *Page 13 
described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state."
 {¶ 52} In the case sub judice, the trial court found that appellant Sandra Sterling had been in the temporary custody of Fairfield County Children Services for twelve or more months of a consecutive twenty-two month period. Such finding has not been challenged on appeal.
 {¶ 53} Both appellants, however, challenge the trial court's finding that it would be in appellant Sandra Sterling's best interest to grant permanent custody to Fairfield County Child Protective Services.
 {¶ 54} Pursuant to R.C. 2151.414(D), in determining the best interest of a child, the court shall consider all relevant factors, including but not limited to the following:
 {¶ 55} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 56} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 57} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999;
 {¶ 58} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; * * *" *Page 14 
 {¶ 59} At issue in the case sub judice is whether there was clear and convincing evidence that permanent custody was in appellant Sandra Sterling's best interest. As is stated above, the GAL, in her report, indicated that appellant Sandra Sterling was "bonded with her father, however she recognizes that her father is unable to care for her in an appropriate manner." At the trial, the GAL stated to the trial court, in relevant part, as follows:
 {¶ 60} "Uh, she does want to be with her father despite all of his issues; however, Mr. Sterling's inability to maintain sobriety and a permanent situation where Sandra can go to school and continue to be a happy child, it just doesn't appear to be happening and, um, I believe it is in, um, Sandra's best interests that permanent custody be granted to, um, to uh, Fairfield County Child Protective Services." Transcript at 30.
 {¶ 61} At the trial, the following testimony was adduced when Karla Nelson was asked how long Sandra had been in the temporary custody of the Agency:
 {¶ 62} "A. Um, she's been in the actual custody of the agency fourteen, over fourteen hundred days. Um, she's been in foster care placement or kinship placement, for, uh, three years, two hundred and forty-five days."
 {¶ 63} Nelson further testified that Sandra, who was in counseling, needed to have stability in her life and that, since she had been in her foster home, she was more stable and "doing better with her education." Transcript at 22.
 {¶ 64} Nelson further testified that it was difficult on Sandra going back and forth from her father's home so many times and that Sandra could not get "this" type of legally secure permanent placement with her father. Nelson also indicated, when asked, *Page 15 
that it was in Sandra's best interest to be placed in the permanent custody of the Agency.
 {¶ 65} Moreover, at the trial, appellant Sandra Sterling's attorney indicated to the trial court that while she had been unequivocal that she wanted to be with her father, "she was angry with her father; I guess it was the lack of progress." Transcript at 29.
 {¶ 66} Based on the foregoing, we find that there was competent, credible evidence to support the trial court's determination that granting permanent custody of Sandra Sterling to the Fairfield County Child Protective Services was in her best interest. We also find that the trial court did not err in finding that this was so by clear and convincing evidence.
 {¶ 67} The sole assignment of error in each case is, therefore, overruled.
 {¶ 68} Accordingly, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.
By: Edwards, J. Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant, John Sterling.
[1] The trial court, in its February 27, 2008, Entry, noted that Tammy Casey's whereabouts had been unknown since March 20, 2003. *Page 1